Call *v.* Barker.

Moses Call *versus* Ezekiel W. Barker *& al.*

In a suit upon a poor debtor's bond, since the stat. 1842, c. 31, was in force, if the condition has not been performed, the damages are to be assessed by the Court, and not by the jury.

If the debtor, on his examination, discloses that he has a note against another, and adds, — " it is, however, of little or no value, and I hereby offer to assign the same to the creditor, if he deems it to be of any value," the creditor is under no obligations to accept the note on those terms. The debtor is not made the judge of its value ; others are to be selected or appointed to determine it according to the provisions of the statute.

If there be no agreement between the creditor and the debtor to have the value of a demand, disclosed by the debtor, applied in discharge of the debt, the demand should be disposed of according to the provisions of the stat. c. 148, § 29.

If the creditor, or his attorney, does not lead the debtor or the justices into any illegal course of proceeding, but merely sits in silence, and allows them to proceed in their own course, the rights of the creditor cannot be considered as thereby waived or forfeited.

The justices are not authorized by the statute, c. 148, § 31, to make out a certificate of discharge of the debtor, until the property disclosed by him, being choses in action, has been disposed of or secured, as provided in the two preceding sections. And if the oath be administered without such disposal, it can furnish no defence ; and the plaintiff is entitled to have his damages assessed according to the provisions of stat. c. 148, § 39.

Exceptions from the Middle District Court, Redington J. presiding.

Debt on a poor debtor's bond. It was admitted at the trial, that Barker, the debtor, duly cited the creditor before two justices of the peace and quorum, before whom he made a disclosure in writing; and that the oath prescribed in the statute was administered to the debtor by the justices.

The disclosure of the debtor was introduced in evidence by the plaintiff, in which the sixth interrogatory and the answer thereto were as follows : —

" Please state what demands of any nature, notes or accounts, you now have against any person, or in which you have any interest ?

" *Answer*. I know of none, except a note against Daniel L. Pickard of about $30, the same being now in an attorney's hands for collection in Boston. It is however of little or no value, and I hereby offer to assign the same to the creditor, if he deems it to be of any value."

The defendant called witnesses to prove, that the note was in their opinion worthless. To this the plaintiff objected. The plaintiff proved an assignment of the note afterwards to another person.

The plaintiff's counsel requested the Judge to instruct the jury, that the justices were not authorized to administer the oath until the demand against Pickard had been assigned, or until the debtor had chosen an appraiser to ascertain the value of the demand disclosed. And further, that the oath was illegally taken and wholly inoperative.

The counsel for the defendants claimed to have the damages assessed by a jury under Rev. Stat. c. 115, § 78.

It was admitted that the counsel for the 'creditor was present at the examination and disclosure, but it did not appear that he intimated that he considered said note of any value, or that he had any desire that it should be assigned to the creditor; nor did it appear, that there was any objection made to the administering of the oath, or " that there was any disagreement between the debtor and creditor, as to the value of the note, or as to its application," although it did appear by the excep-

tions, that testimony was introduced on each side, in relation to its value, or no value.

"The Judge ruled, that the condition of the bond was broken, and submitted the question of damages to the jury."

The jury returned a verdict, that the bond declared upon was the deed of the defendants, and that the condition thereof was broken, but they further found, that the plaintiff sustained no damage by means of said breach.

The plaintiff filed exceptions to the rulings and proceedings.

The case was agreed to be argued in writing, at the May Term, 1847, and arguments were afterwards furnished to the Court.

*W. Hubbard*, for the plaintiff, contended, that inasmuch as the court below has decided, there has been a breach of the condition of the bond, and as this decision was not excepted against by the defendants, the non-performance of the condition of the bond is not an open question on the present bill of exceptions. But if the opinion of the Court should otherwise incline, the plaintiff insists, that the case at bar is identical with that of *Harding* v. *Butler*, 21 Maine R. 193; or, if distinguished from that case by any material circumstance, it is only so, by the offer of the debtor to assign the demand disclosed. Is that a distinction? Is the case varied by such an offer?

To entitle the debtor's proposal to the merit of an *offer* it should have been so, absolutely, in its terms, and without any condition or qualification whatever. This is not so. The debtor hereby offers to assign the demand disclosed to the creditor, *if he deems it to be of any value.* A creditor placed in such a position is under no obligation to "intimate" his opinion of the value of any property disclosed. He may, if he elect so to do, remain silent, and by so doing, his rights will be neither compromitted, nor, in the least degree, impaired. Nay, he may be forced to silence, by the fact, that he never before has heard of the person against whom the disclosed demand may be, and consequently knows nothing of his property or ability. Suppose the debtor disclose notes purporting to be the issue of a bank of some distant State, or some corpora-

·tion like the old Mississippi Shipping Company, of the genuineness of which the creditor may well doubt, and of the solvency of the company, be entirely ignorant, how can the creditor, without information, form an opinion of the value of such property ? It may be worth, cent. per cent. and even a premium ; it may be of the least nominal value. The statute has prescribed the mode, in which the value is to be ascertained. It nowhere makes it the duty of the creditor to perform the appraisers' duty ; or to counsel them in making their appraisement. The very reason of the law, allowing the creditor thirty days, to elect to receive the property, at the appraised value, is, to give him an opportunity to inform himself of the correctness of the appraisers' estimate.

The question is simply this : — is *offering* to do any act which the law positively requires to be performed, *doing it ?* It cannot be denied, if the offer to assign to the creditor had not been added to the debtor's disclosure of the demand, that the defendants now " must be regarded in the same position as if he [the debtor] had not attempted to take the oath." .Such is the concluding remark of this Court, in *Harding* v. *Butler,* before cited. The appraisal or assignment of the demand is of consequence, an indispensable prerequisite to the taking of the oath, so that it will be legal and operative. And is an essential and an indispensable act performed *by an offer ?* and that a conditional offer ? But suppose the debtor in this case had disclosed no demand, but had merely offered in his disclosure to take the oath *if the creditor deemed it to be of any advantage to him,* would it aught avail the defendant to come into Court and say, true, the debtor did not take the oath, but he offered to take it, if the creditor " desired it" ; but the creditor was perfectly mute ; and " never even intimated that he had any desire" he should do so, " or that he deemed it to be of any value" or advantage to him that the debtor should take the oath ? If the debtor could, *by an offer,* do an act indispensable to the legally doing of another act, why could he not, as effectually perform the second act, by a like offer ? If there be a distinction, in what consists the difference ?

But again : suppose the debtor had done all he offered to do, (without his proviso) and had actually made and tendered an assignment of the demand to the creditor, would even that avail the defendants any thing? The requirements of the statute had not then been complied with, unless there had been an agreement between the debtor and the creditor that the same should be applied in discharge of his debt in whole or in part, and it is not pretended, that there was any such agreement. The language of the statute is plain and express. Rev. Stat. c. 148, § 29.

To what damages is plaintiff entitled ? — The damages should have been assessed *by the Court*, pursuant to § 39, c. 148. And as the question was submitted to the jury, the instructions requested by the plaintiff should have been given. *Harding* v. *Butler*, before cited.

The defendants were not entitled to the benefit of § 78, c. 115. This has been settled in the case of *Barnard* v. *Bryant*, 21 Maine R. 208 ; in which case the Court decide that it was not the intention of the legislature, to render nugatory the provision of § 39, c. 148.

*H. Ingalls*, for the defendants.

The principal defendant has performed one of the conditions named in the bond. Within six months from the date of the same, the debtor had legally taken the oath prescribed in the Rev. Stat. c. 148, § 28. This appears by the bill of exceptions, which says, " the debtor *duly* cited the creditor," &c. The debtor, prior to a breach of any of the conditions of the bond, had done every thing, which by law he was bound to perform. The plaintiff alleges, that a note was disclosed in the examination of the debtor, which was not assigned to the creditor, and, therefore, that there was a breach of the condition of the bond. It is true the debtor disclosed a note, but he swears that he considered it of " little or no value," and he offered to assign it to the creditor, if he considered it of any value. There is no intimation that the creditor, who was present by his attorney at the examination, considered the note of any value, or had any desire that the same should be assigned

to him.  A jury have passed upon it, and have found it worthless.  There is not a particle of evidence in the case to show that this note had any value whatever, but on the contrary, the case finds that it was worthless.  This note, having no value, the debtor was not bound to assign.  It was not property, and he was no more bound to assign it, than he was bound to assign a thousand other worthless articles, which might be enumerated as in the possession, or under the control of every man.  It was a piece of worthless paper, so regarded by the debtor, and by the creditor, it is fair to be presumed, and by the jury.  Is a poor debtor bound to assign an account, barred by the statute of limitations upon which payment has been refused, or an account of six and a quarter cents against a worthless individual?  Is he obliged to make over or disclose an umbrella or a pocket book ?  Shall the sureties on a bond be obliged to pay the whole debt because the debtor does not assign a worthless piece of paper, whether written upon or otherwise ?  " *De minimis lex non curat.*"

But if the creditor, notwithstanding its worthlessness, had a right to have the note assigned, still he might waive that right.  From the case, it is evident the creditor did waive such right.  The debtor offered to assign the note, if the creditor considered it of any value.  There was no intimation on the part of the creditor, that he considered it of any value, or that he had any desire to have the same assigned or appraised, nor did he object to the administering of the oath to the debtor, though present by his attorney, at the examination.  The defendants contend that the note being worthless, and he having made the offer of it to the creditor without any consideration, and the offer not being accepted, and there being no objection to his taking the oath, that the creditor waived any right he might have had to have the note assigned, and that in taking the oath, he, the debtor, did all he was bound by law to do.  It is now too late for the creditor to object to the legality of the oath.  It was his duty to object to the granting of the certificate by the justices till the note had " been duly secured."  Rev. Stat. c. 148, § 31.  The objection should have been made

to the justices, and failing to make known his objection to them, and thereby inducing the debtor to believe and suppose that the creditor would not accept the note, though freely offered, he cannot now be allowed to come in and spring a trap upon the debtor and oblige his sureties to pay the debt.

It is not necessary to choose appraisers, only in case " the creditor and debtor cannot agree to apply" " the demands disclosed" " in part or in full discharge of the debt." Here there was no disagreement between the creditor and debtor. The debtor was perfectly willing to assign the note without any consideration whatever, and the creditor had only to intimate that he wished for the note, and it would have been made over to him.

But if the above views should be adjudged incorrect by the Court, still the case was rightly put to the jury, and the rulings of the Judge in that particular were proper. The case finds that "prior to a breach of the conditions of the same bond, the principal in such bond" (the defendant) " had been allowed" " by two justices of the peace and quorum" " to take, and had taken, before such justices, the poor debtor's oath, after notice of the intentions of such debtor to disclose the state of his affairs and take such oath, issued by a justice of the peace upon the application," " signed by the debtor himself and served upon the creditor named in the bond," in which case the defendant has " a right to have such action" (an action upon the bond) " tried by a jury, who shall find and assess the damages, if any, the plaintiff has sustained." Rev. Stat. c. 115, § 78. This case is within the letter and spirit of the statute, and is one of those cases of involuntary error or mistake, (if error or mistake there be) for which the legislature intended to furnish a remedy. It is distinguished from the case of *Harding* v. *Butler*, cited by the plaintiffs, by the very material circumstance, that in the latter case there was no claim or demand to have the damages assessed by a jury. The question at issue, in this case, in *Harding* v. *Butler*, was not raised at all. It was not the duty of the Court to order a jury unless one was demanded by the defendant. Besides, in the latter

case, it is to be presumed, nothing appearing to the contrary, that the notes were of full value, and they were probably greater in amount than the debt sued for, and, if so, a jury would have assessed precisely the same damages as were given on default. If there has been any failure to fulfil the condition of the bond, it was an involuntary omission, with no intention of depriving the creditor of any advantage, or of saving any thing to the debtor. The debtor considered the note of no value and had no wish to retain it.

No other act, or omission, or informality is complained of except the non-assignment of the note. The statute before referred to, chap. 115, § 78, affords relief in case the debtor has been allowed to take the oath upon an illegal citation. *Neil* v. *Ford*, 21 Maine R. 440. Also in case where the oath would have been legal if the justices had been both of the quorum, instead of *quorum unus*. *Daggett* v. *Bartlett & al.* 22 Maine R. 227 ; *Rider* v. *Thompson*, 23 *ib.* 244. *A fortiori*, relief would be afforded in this case, coming equally within the letter of the statute, when all the proceedings were regular and valid, except the non-assignment of a note, which the case finds to be utterly worthless. But even if it had been valuable, still it was for a jury to ascertain its value.

The opinion of the Court was delivered at the May Term, 1848, as drawn up by

SHEPLEY J. — This is another of those numerous suits upon bonds made by poor debtors to procure their release from an arrest on execution. There appears in many of the cases a strange propensity to neglect or disregard the plainest provisions of the statute.

It appears by the bill of exceptions in this case, that the Court correctly considered, that the defendants had failed to prove a performance of the conditions. Yet the Court permitted them to introduce proof and to have the damages assessed by a jury. This, it would seem, must have been done inadvertently, and without noticing, that the statute, c. 115, § 78, had been amended by the act passed on March 18, 1842, c.

31, § 9. That amendment was noticed by this Court in the case of *Burbank* v. *Berry,* 22 Maine R. 483 ; and it was determined that it conferred upon the Court again the power to assess the damages, upon the forfeiture of such a bond. This was again repeated in the case of *Fales* v. *Dow,* 24, Maine R. 211. The whole testimony introduced respecting the value of the note, will thereby be excluded as having been incorrectly received.

The creditor was under no obligation to accept the promissory note disclosed upon the terms offered in the disclosure. They would have imposed upon him obligations. differing from those imposed by the statute, on acceptance of the note under its provisions. By its provisions he would have become on the acceptance of it, the purchaser for a sum certain. By accepting it, under the offer made, he would not, but must have accounted for the amount collected, although the collection might have occasioned trouble and expense. Taking under the provisions of the statute as a purchaser, he might have compromised and discharged the debt upon payment of a part. Had he accepted it under the offer made in the disclosure, he could not have done so safely without the consent of the person, from whom he had received it.

The disclosure does not shew, that the note was not of any value. The debtor is not made the judge of its value; others are to be selected or appointed to determine it according to the provisions of the statute.

There is no proof of any agreement made between the creditor and the debtor, to have the value of the note applied in discharge of the debt, nor of any appraisement of it. It should have been disposed of according to the provisions of the statute, c. 148, § 29.

If the creditor or his attorney does not lead the debtor or the justices into any illegal course of proceeding, but merely sits in silence and allows them to pursue their own course, the rights of the creditor cannot be considered as thereby waived or forfeited.

The justices are not authorized by the statute, c. 148, § 31, to make out a certificate for the discharge of the debtor, until the property disclosed by him has been disposed of or secured as provided in the two preceding sections. The plaintiff appears to be entitled to prevail and to have his damages assessed according to the provisions of c. 148, § 39. But this Court can now only sustain the exceptions and grant a new trial.

*Exceptions sustained.*